AUGUSTUS PACKARD V. MONROE D. HERRINGTON *et al.*

1. PROMISSORY NOTE — *Surety* — *Measure of Liability.* Where a note is made to a bank by W., and signed by H. as surety, but before signing such note H. makes inquiries of the bank as to the financial standing of W., and is informed by an officer thereof that the bank holds bank stock belonging to W. in such bank, and that the bank will retain the same as security for such note, and that in no event will H. be liable for more than the difference between the value of the bank stock and the amount of the note and interest, and under this agreement H. indorses the note, *held*, that as between H. and the bank, H. is only liable for the difference between the value of the bank stock and the amount of such note and interest.

2. SURETY — *Extent of Liability.* Where such note is transferred by the bank after maturity to P., and W.'s bank stock held by the bank as security therefor is also transferred to P. by W., with the consent of the bank, and P. claims such bank stock as security for the amount of indebtedness due from W. to him, *held*, in an action by P. against H. on such note, that H. is entitled to have credit for the full value of the bank stock, and is only liable for the difference between the value of such stock and the amount of the note and interest.

*Error from Dickinson District Court.*

THIS was an action brought by *Packard* against *Herrington* and *Williams,* to recover on a promissory note executed by them to the Bank of Enterprise. The record shows substantially the following facts: Packard, Herrington and Williams were all stockholders in the Bank of Enterprise. Williams was indebted to the bank $1,500, and held stock in the bank to the amount of $1,200. The stock was worth its face value. The bank required of Williams some additional security to the stock, and he executed to the bank a second mortgage on certain cattle and hogs, and procured Herrington to sign a note with him to the bank for the sum of $1,500, the amount of his indebtedness. Before signing the note, Herrington made inquiries of the bank as to the condition of Williams financially, and was informed that the bank held $1,200 of Williams's stock and this second chattel mortgage on live

stock, and that in no event would Herrington be liable for more than the difference between the value of the bank stock ($1,200) and the amount of the note and interest; and with this understanding and agreement with the bank, Herrington signed the note. The note was not paid at maturity. Afterward Williams borrowed $1,100 of Packard, the plaintiff. Williams desired the cashier of the bank to hand him his stock that was deposited with the bank. The stock was given to him by the cashier, and by Williams handed to Packard without indorsement, and by Packard handed to the cashier. No indorsement was made on the books, and there was no understanding with the bank that there was any transfer of the stock. Afterward, the $1,100 note not being paid, Packard and Williams made application to the bank to have the stock formally transferred on the books of the bank from Williams to Packard. This the cashier refused to do, stating to Packard that the bank held the stock to secure Herrington and the bank on the $1,500 note, and that the bank would not transfer it until that note was paid. Packard then proposed to pay the $1,500 note and have the stock transferred to him, which was accepted by the bank, and the $1,500 paid. The cashier, instead of marking the note "Paid," indorsed it "Pay to Packard without recourse." This transaction took place long after the note was due, and at the time of the transfer the cashier informed Packard of the condition and arrangements between the bank and Herrington, and told Packard that he must accept the note under such conditions and take his chances. Packard brought this action, claiming the full amount of the note, and interest, and Herrington set up the transactions herein stated. At the May term, 1886, judgment was rendered for the plaintiff for the difference between the value of the stock, $1,200, and the note and interest; and of this judgment he complains.

*John H. Mahan,* for plaintiff in error.

*Stambaugh, Hurd & Dewey,* for defendants in error.

Opinion by CLOGSTON, C.: When Packard received this note from the bank, he was in no better condition in any event than the bank would have been had it retained the note; and if the bank had retained the note and had pledged or transferred Williams's stock in the bank, then the bank would have been accountable to Herrington for the value of the stock, which was confessed to be $1,200. Now Williams's transfer to Packard, by the consent of the bank, was not to secure the $1,500 note, but for the purpose of securing the $1,100 claim. Packard was then holding this stock adverse to the interests of Herrington. This amounted to a conversion of the stock, as far as Herrington was concerned; and Packard, standing in the same relation to Herrington that the bank had, must account for the value of the stock.

Plaintiff, however, insists that if the transfer of the note by the bank to him with the stock transferred all the obligations of the bank as well, and rendered him liable to account for the stock to Herrington, that he was not obliged under this arrangement to take the stock and give credit on the note for its face value, or actual value. In other words, that Herrington must pay the note and then demand the stock, and then, if not delivered, in an action between them determine who had the right to the stock, and if Herrington was entitled to it he could recover it, or its value if converted. In this we do not agree with the plaintiff. When he held the security, admitting its value, and claimed to hold it as a pledge or security for his claim against Williams and adversely to the interest of Herrington—holding it in a different capacity than that in which the bank held it—we think he cannot be permitted to deny the conversion of the stock and compel Herrington to an action to recover its possession. In all cases of this kind one action ought to determine the entire controversy between the parties; and as plaintiff has elected to claim the stock adversely to the defendant, we think where there is no controversy about its value, he is properly charged with its value, and the defendant is entitled to a credit, at least for that amount.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.