No. 33,181.

THE LIBERTY SAVINGS AND LOAN ASSOCIATION, *Appellant*, v. AMANDUS HANSON, DELIA J. HANSON, ANNA GORDON, H. H. GORDON, DOLLIE GORDON, J. WILL GORDON, AURA GORDON, CLARA LUCAS, A. W. LUCAS, MILDRED LEMOINE and CLARENCE LEMOINE, *Appellees*.

(64 P. 2d 609)

Opinion filed January 23, 1937.

*Douglas Hudson,* of Fort Scott, and *Joe W. Moss,* of Independence, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment overruling plaintiff's motion to confirm a foreclosure sale.

The controlling facts were these: Plaintiff held a mortgage on a town lot in Independence to secure an indebtedness owed by defendants Amandus Hanson and wife, as evidenced by their promissory note. The other defendants had executed their written guarantee that the indebtedness would be promptly paid in full.

The principal debtors made default, and foreclosure proceedings were instituted and proceeded to judgment. On order of sale, the sheriff sold the property and it was bid in by the plaintiff as judgment creditor for $900, which left a deficiency judgment of several hundred dollars.

Plaintiff's motion to confirm the sale was filed on January 11, 1934, and presented to the trial court on February 3. The court took the motion under advisement until July 11, at which time it made a finding—

" . . . that said motion should be overruled, unless the deficiency judgment herein against said defendants in said action be released of record, in

which case said motion should be sustained; and the plaintiff refusing to release said deficiency judgment of record in said action, the court overrules said motion."

There the matter rested until March 2, 1936, some twenty months later, when an alias order of sale was issued and the sheriff again sold the property, the only bidder being the plaintiff judgment creditor. This time the selling figure was $850, which, after paying all costs of the action, netted $721.74 to apply on the judgment, and left a deficiency judgment of $697.84 standing against the defendants, who were Hanson and wife and seven of the nine defendants who had guaranteed the prompt payment of the indebtedness. Two other guarantors were not brought into court.

On April 25, 1936, plaintiff moved to confirm the sale. In support of the motion plaintiff submitted affidavits of six witnesses, five of whom were real-estate dealers who knew the value of property of like character in that locality. The gist of their testimony was that it was poorly situated, in run-down condition, and that its reasonable value did not exceed $750 to $850. There was no evidence to the contrary, and no objection to the confirmation was interposed by defendants. Indeed, no appearance for any of the defendants had been made at any stage of these proceedings from their inception.

The order of the trial court on the motion to confirm the second sale reads:

"The court finds that said motion should be overruled unless the deficiency judgment herein against said defendants in said action be released of record, in which case said motion should be sustained; and the plaintiff refusing to release said deficiency judgment of record in said action, the court overrules said motion."

Judgment was entered accordingly, and plaintiff appeals.

There is no suggestion that there was any lack of conformity to the statutory procedure in these foreclosure proceedings. There was abundant evidence that the selling price was a fair one; and being in writing, the credence to be attached to that evidence is a responsibility resting on this court. (*DePee v. National Life & Accident Ins. Co.*, 144 Kan. 751, 62 P. 2d 923, and citations.)

This court on occasion has recognized the discretionary duty of a trial court to refuse confirmation of a sale in foreclosure where the selling price was grossly inadequate. (*Insurance Co. v. Stegink*, 106 Kan. 730, 189 Pac. 965, and citations.) But where, as here, there was no irregularity in the proceedings, and no substantial disparity

between the actual value of the property and the selling price at the sale in foreclosure, the judgment creditor had an absolute right to have the sale confirmed; and to deny that right violates the constitutional mandates, state and federal, that even-handed justice shall be accorded to every litigant without denial or delay. (Kansas Bill of Rights, § 18; U. S. Const., Fourteenth Amendment.) In *Prudential Ins. Co. v. Clark*, 122 Kan. 109, 111, 251 Pac. 199, where the refusal of the trial court to confirm a sale of real estate in foreclosure was under consideration, this court said:

"In accordance with the statute (R. S. 60-3463) the trial court should confirm a judicial sale 'if it finds the proceedings regular and in conformity with law and equity.' This authorizes the court, even when the proceedings are regular and in conformity to law, to refuse to confirm a sale for equitable reasons, that is, for reasons which would justify a chancellor sitting in a court of equity in passing upon the matter. It does not authorize the refusal to confirm a sale for reasons that are not supported by the law or for reasons that are not in conformity with equity. (*Bank v. Murray,* 84 Kan. 524, 528, 114 Pac. 847; *Robinson v. Kennedy,* 93 Kan. 514, 516, 144 Pac. 1002; *Norris v. Evans,* 102 Kan. 583, 590, 171 Pac. 606; *Insurance Co. v. Stegink,* 106 Kan. 730, 189 Pac. 965; *Pool v. Gates,* 119 Kan. 621, 240 Pac. 580.)"

The judgment of the district court is reversed and the cause remanded with instructions to sustain the plaintiff's motion that the foreclosure sale of April 4, 1936, be confirmed.