No. 35,002

FEDERAL FARM MORTGAGE CORPORATION, *Appellant*, v. GEORGE F. CRANE, as Clerk of the District Court of Rooks County, *Appellee*.

(109 P. 2d 82)

Opinion filed January 25, 1941.

*O. O. Osborn*, of Stockton, *W. E. Pepperell, Conrad L. Ball, J. P. Flinn* and *Edward H. Jamison*, all of Wichita, for the appellant.

*Wayne McCaslin*, of Stockton, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is a proceeding in mandamus to compel the defendant, the clerk of the district court of Rooks county, to issue a redemption certificate under a mortgage foreclosure.

The Federal Land Bank of Wichita brought an action to foreclose a mortgage on certain land in Rooks county. The case number was 7276.

The Federal Farm Mortgage Corporation, plaintiff in this proceeding, was the owner of a junior mortgage on the same land, and was joined as a defendant in the foreclosure action. It entered a general appearance in the foreclosure action, but filed no pleadings and asked for no affirmative relief.

Judgment was entered for the plaintiff for the amount of the debt, interest and costs. It was further ordered and adjudged that, upon failure to pay the amount of the judgment as specified, an order of sale issue, the land be sold, and the proceeds of the sale be applied as directed, and any surplus to abide the further order of the court.

At the foreclosure sale held on January 30, 1938, the Federal Land Bank became the purchaser of the land, and on February 1, 1939, the sheriff executed to the purchaser a certificate of purchase.

In the present action the plaintiff alleges that on the 29th day of April, 1940, and within fifteen months from the day of sale by the sheriff, the plaintiff paid to the defendant the sum of $2,341.14, being the purchase price, together with accrued interest, taxes, and insurance to and including April 29, 1940, and demanded that the defendant execute a receipt for the payment, and make an entry on his redemption docket to the effect that the property was redeemed by the plaintiff from the sale and also stating the amount of plaintiff's lien. Plaintiff filed an affidavit reciting that there was due and owing to plaintiff under its junior mortgage on April 29, 1940, the sum of $1,421.14.

Plaintiff alleges the refusal of the defendant to issue the receipt and to do and perform the ministerial acts demanded; that plaintiff has no adequate remedy at law, and asks for a writ of mandamus to compel defendant to do and perform all acts necessary to effect a redemption of the real property in the mortgage described.

The judgment of the trial court recites:

"The court further finds that any right which this plaintiff had to litigate its lien in the foreclosure action above referred to has been lost by its failure to take some affirmative action in said suit; that it is not a lienholder for the purpose of further litigation for affirmative relief, after having failed to have its lien adjudicated in the foreclosure action to which it was a party it no longer has any lien by virtue of its mortgage herein referred to; that by reason of the fact that said plaintiff is no longer a lienholder, having failed to have its lien adjudicated in said foreclosure action, it is not now entitled to redeem from the sale of the property herein described as a junior lienholder and as contemplated by the redemption statutes of the state of Kansas."

The appeal is from this judgment.

Plaintiff contends that it has a lien on the real estate and that under our statutes, G. S. 1935, 60-3440, 60-3441, and 60-3443, it has a right to redeem.

If plaintiff has a lien on the property its contention must be sustained.

In the foreclosure proceeding the court had jurisdiction of the subject matter of the action and of the parties. As plaintiff was duly served with summons and entered its appearance, why was it not concluded by the judgment?

In *Moore v. McPherson*, 106 Kan. 268, 187 Pac. 884, it was held as stated in the syllabus:

"Under section 497 of the civil code there can be but one foreclosure sale of mortgaged property, no matter how many mortgages encumber that property; and the only way that a junior mortgagee who has been impleaded can protect

his interest is by seeing to it that the property, when sold, brings somewhere near what it is worth, or enough to satisfy his second lien. (*Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628.)" (Syl. ¶ 2.)

In *Lauriat v. Stratton,* 11 Fed. 107, the holder of the junior mortgage was joined in the foreclosure action brought by the senior mortgagee. In the opinion it was stated:

"The policy of the statute is to make the property pay the debts of the owner as far as possible. To this end it is provided that as to all the creditors who are parties to the decree, the property shall be absolutely disposed of at one sale to the highest bidder upon an execution, which is, in legal intendment and effect, the process of all of them. By this means the interest of the creditors is made to promote a healthy competition at the sale for the benefit of the debtor. But to allow the property to be sold to any one of the creditors for the amount of his debt and costs, upon the understanding that the other creditors, whose liens are subsequent in point of time, may protect themselves by redeeming from him and one another, would be to provide in effect that the property should be knocked down to the prior lien creditor for not more than the amount of his debt and costs, subject to the right of redemption by the junior creditors.

"Besides, if the lien of the subsequent encumbrancer is not extinguished by the sale, what is there to prevent him from enforcing the decree as to himself by execution? It appears to follow as a logical and legal consequence from the premises that if his lien is neither extinguished nor satisfied by the sale, and the decree has ascertained the fact and amount of his lien, and directed the premises to be sold to satisfy it, he has his remedy by execution against the property, and may resell it subject to prior encumbrances. And this process may be repeated under like circumstances by every other encumbrancer. But the statute certainly never contemplated such an absurdity, let alone injustice, as this.

"The right of redemption is only given as a protection against a sale to which the redemptioner is not a party, and therefore cannot control, but which may result to his injury. In the very nature of things the right to redeem is inconsistent with the right to sell." (p. 112.)

See, also, *Keller v. Boehmer,* 130 Neb. 763, 266 N. W. 577; *Western L. & C. Co. v. National Bank,* 28 Ariz. 270, 236 Pac. 725.

It may be urged that the rule announced in the foregoing decisions should not apply in the case before us, as the decree did not enter judgment for plaintiff (defendant in the foreclosure action) for the amount of its debt, and did not direct the payment of the mortgage debts in accordance with their priorities, and therefore the lien of the plaintiff was not extinguished. The plaintiff, however, was a party to the foreclosure action. It had an opportunity to assert any rights or claims it might have—it was joined as a party for that purpose. An orderly administration of justice requires

that the owner of an interest shall have a day in court before a claim affecting his interest effectively secures judicial sanction. But an efficient administration of justice also requires that the presentation and final adjudication of controversies shall not be postponed indefinitely.

The trial court held the plaintiff had waived its lien. In that view we concur. Of course, the waiver of the lien does not affect the debt. As only lien creditors may redeem under the statute, it follows the judgment must be affirmed. It is so ordered.