· No. 35,554

THE FEDERAL LAND BANK OF WICHITA, *Plaintiff*, v. LUTHER H. SHOEMAKER and CORA M. SHOEMAKER, His Wife; RAY C. SLOAN and MARIE SLOAN, His Wife; M. W. RANDOLPH and LILLIE RANDOLPH, His Wife, *Appellees;* FEDERAL FARM MORTGAGE CORPORATION, *Appellant.*

(126 P. 2d 205)

Opinion filed June 6, 1942.

*Conrad L. Ball,* of Wichita, argued the cause, and *W. E. Pepperell, J. P. Flinn, Edward H. Jamison,* all of Wichita, and *C. L. Thompson,* of Hoxie, were on the briefs for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was an action to foreclose a mortgage. The facts are undisputed. The Federal Land Bank of Wichita, as plaintiff, brought this action to foreclose its first mortgage. The mortgagors, Luther H. Shoemaker and Cora M. Shoemaker, his wife, the appellant, Federal Farm Mortgage Corporation, second mortgagee, and the present owners of the property, Ray C. Sloan and Marie Sloan,

his wife, were named as parties defendant. All of the defendants except the appellant defaulted in the case. The appellant filed an answer to the plaintiff's petition admitting the existence and priority of the first mortgage lien, and also filed a cross petition. The appellant's cross petition set up the note and second mortgage owned by it and prayed for personal judgment against its codefendants, the original mortgagors, Luther H. Shoemaker and Cora M. Shoemaker, his wife, for the amount of the indebtedness secured by the second mortgage, and further prayed that it be adjudged and decreed to have a lien upon the mortgaged premises subject only to the prior lien of the plaintiff and that in the event the property was sold in satisfaction of the indebtedness due the plaintiff that the appellant be adjudged and decreed to have all of the rights of redemption provided by law for a junior lienholder. The appellant did not ask for the foreclosure of its second mortgage nor for any relief thereon except as above stated.

The court granted the plaintiff a personal judgment against the mortgagors, Luther H. Shoemaker and Cora M. Shoemaker, his wife, for the amount of plaintiff's indebtedness and a further judgment foreclosing the plaintiff's first mortgage. In considering the cross petition of the appellant, the court granted the appellant a personal judgment against the mortgagors, Luther H. Shoemaker and Cora M. Shoemaker, his wife, but refused to grant the appellant any relief on its second mortgage, and ruled that by failing to ask for the foreclosure of its second mortgage, the appellant had waived all its rights under the mortgage, and therefore, could not be adjudged to have a lien on the property or any right of redemption if the property was sold to satisfy the first mortgage. Over the objection of the appellant, the court struck from the journal entry submitted to it the finding which the appellant had incorporated therein concerning the existence and validity of its second mortgage lien. The court further found that the mortgagors, Luther H. Shoemaker and Cora M. Shoemaker, his wife, against whom the personal judgments were entered, had conveyed the mortgaged real estate to the defendant, Ray C. Sloan, prior to the filing of the foreclosure suit, and that the said judgment debtors, Luther H. Shoemaker and Cora M. Shoemaker, his wife, now have no right, title, or interest in and to the real estate involved.

Appellant filed a motion for a new trial, which was overruled by the court. This appeal followed.

Under the facts stated, was the lien of appellant extinguished?

In our recent case of *Federal Farm Mortgage Corp. v. Crane,* 153 Kan. 114, 109 P. 2d 82, it was held, as stated in the syllabus:

"In a foreclosure proceeding the holder of a junior mortgage on the same land was joined as a defendant. The junior mortgagee entered a general appearance in such foreclosure action, but filed no answer and asked for no affirmative relief. In the circumstances stated it is held that the lien of the junior mortgagee was waived and that it has no right of redemption under the statute."

In the Crane case we followed *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884, where it was ruled:

"Under section 497 of the civil code there can be but one foreclosure sale of mortgaged property, no matter how many mortgages encumber that property; and the only way that a junior mortgagee who has been impleaded can protect his interest is by seeing to it that the property, when sold, brings somewhere near what it is worth, or enough to satisfy his second lien."

In *Lauriat v. Stratton,* 11 Fed. 107, quoted with approval in the Crane case, it was stated:

"The policy of the statute is to make the property pay the debts of the owner as far as possible. To this end it is provided that as to all the creditors who are parties to the decree, the property shall be absolutely disposed of at one sale to the highest bidder upon an execution, which is, in legal intendment and effect, the process of all of them. . . . The right of redemption is only given as a protection against a sale to which the redemptioner is not a party, and therefore cannot control, but which may result to his injury." (pp. 112, 113.)

In entering judgment in the case before us, the court stated:

"But this is a different situation; in this case, the Federal Farm Mortgage Corporation files its answer and asks for judgment on their note and asks to let their mortgage be declared to be a lien, subject only to the superior lien of the Federal Land Bank. They don't ask for the foreclosure of the mortgage or for any sale thereunder. In case of redemption during the exclusion period by the debtors, to wit, during the first twelve months after the sale, he is confronted with this situation: If he cares to secure another loan, he finds that the Federal Farm Mortgage Corporation has a lien by reason of the judge's orders, which is subject only and inferior to the lien of the Federal Land Bank. It has not been foreclosed. But one who is being interviewed for the purpose of refinancing the loan is confronted with this situation: He is reluctant to engage in any such procedure, which might cause him to buy a lawsuit by reason of his loan. The purpose of the redemption law is defeated. The intention of the legislature is circumvented. And it is this situation that the court has consistently refused to recognize.

"If the defendant Farm Mortgage Corporation had a lien, they had a right to foreclose it. They were a party to the suit. Having not elected to foreclose the lien, they can have no remedy of any kind with reference to said lien.

They have simply taken a judgment on their note and they are in the same category as any other judgment creditor. Their position would not be in anywise different."

See note by Prager on "Junior lienholders and mortgage foreclosures," Journal Bar Ass'n of Kansas, Vol. 10, p. 412.

As appellant elected not to foreclose its lien, we think the lien was extinguished. The judgment is affirmed.

ALLEN, J. (dissenting): Our statute, G. S. 1935, 60-3441, provides:

"Any creditor whose claim becomes a lien prior to the expiration of the time allowed by law for the redemption of creditors may redeem. A mortgagee may redeem upon the terms hereinafter prescribed before or after the debt secured by the mortgage falls due."

In *Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628, the right of the second mortgagee to redeem was recognized in a careful opinion by Justice Mason. The right, of course, was subject to the right of the owner to redeem within the twelve months of the redemption period.

It would seem, therefore, that the ruling in the present case not only overrules *Sigler v. Phares,* but nullifies the statute.

In *Federal Farm Mortgage Corp. v. Crane,* 153 Kan. 114, 109 P. 2d 82, the junior mortgagee, although joined as defendant, filed no answer and demanded no affirmative relief. We held, and I think properly held, that the lien was extinguished. In the present case the appellant prayed that its lien be adjudicated and that the court should adjudge and decree that it should have the right of redemption. Certainly there was no waiver.