No. 35,814

The Federal Land Bank of Wichita, *Appellee*, v. Mary D. Butz, John Koch, Jr., The Federal Farm Mortgage Corporation et al., *Appellees;* George Buser, *Appellant.*

(135 P. 2d 883)

Opinion filed April 10, 1943.

*Harry A. Lanning,* of Seneca, argued the cause for the appellant.

*Edward H. Jamieson,* of Wichita, argued the cause, and *R. M. Emery, Jr., John D. Cunningham,* both of Seneca, *Robert C. Dow, Conrad L. Ball, J. P. Flinn* and *H. A. Lennartz,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to foreclose a mortgage on real estate. The questions presented on this appeal arise from orders made by the trial court in confirming the sheriff's sale of the mortgaged real estate. The plaintiff, The Federal Land Bank, will hereafter be referred to as the Land bank, the defendant, Federal Farm Mortgage Corporation as the Mortgage corporation, and the individual defendants will be called by their surnames.

The Land bank brought its action to foreclose a mortgage made by Butz on February 1, 1934, and alleged that Buser had purchased the real property from Butz and had assumed and agreed to pay the mortgage indebtedness and that Koch had purchased the real property from Buser and had assumed and agreed to pay the mortgage indebtedness, and that the Mortgage corporation claimed a

lien by reason of a certain mortgage. The Land bank prayed for judgment against Butz, Buser and Koch and for foreclosure of its mortgage.

The Mortgage corporation filed its cross petition setting up its mortgage securing a note for $800 dated February 1, 1934, and payable in semiannual installments,. made by Butz, and the subsequent conveyances from Butz to Buser in August, 1935, and from Buser to Koch in March, 1936, with assumption and agreement of each grantee to pay the mortgage indebtedness, and that payments due in June, 1938, and thereafter, were in default. It prayed for a personal judgment against Butz, Buser and Koch, and that it be decreed to have a lien subject only to the lien of the Land bank, and in the event the mortgaged property be sold, it be adjudged to have all·rights of redemption provided by law for a junior lienholder. It did not ask for the foreclosure of its mortgage. Buser filed an answer which is not abstracted. The abstract does not disclose whether the other individual defendants answered.

The trial resulted in a judgment for the Land bank against Butz, Buser and Koch for $3,689.55 and for foreclosure of its mortgage, and for a judgment for the Mortgage corporation against Butz, Buser and Koch for $896.09, which judgment was a second lien, and by reason thereof the Mortgage corporation was entitled to all rights of redemption as provided by law for junior lienholders. It was further adjudged that if Butz was required to pay the judgment she should have judgment against Buser for all amounts she may be compelled to pay, and if Buser should be required to pay he should have judgment against Koch for all amounts which he may be compelled to pay. Provision was made that if judgment for the Land bank was not paid within 120 days an order of sale should issue.

In due time an order of sale was issued and a sale had. At the hearing on a motion to confirm the trial court found the real property was reasonably worth $35 per acre, or $5,600. It refused to confirm the sale for reasons not now important. An alias order of sale was issued and a second sale was had at which the Land bank bid $3,882.93, that being the amount of its judgment, interest, costs and taxes. The Land bank moved for confirmation of the sale. Buser filed a motion asking the sale be set aside. In that motion it was alleged that the reasonable value of the real property was $6,-500; that the Land bank mortgage amounted to $3,646.97 and the Mortgage corporation had a second mortgage and judgment lien of

$896.09, and that the aggregate of the liens was less than the reasonable market value of the real property; that the liens were placed on the real property on the same date; that Buser had conveyed to Koch while the mortgages were valid liens and Koch had assumed and agreed to pay the indebtedness and the Mortgage corporation had assented to such assumption and elected to take advantage thereof and by reason thereof the relation of principal and surety arose and Koch became principal and Buser surety; that the land was sold to the Land bank for $3,882.93, leaving the judgment of the Mortgage corporation wholly unsatisfied; that the mortgagees should be required to apply the real estate to the payment in full of the judgment indebtedness, and in event of their failure, then they should be enjoined from enforcing their judgments against Buser, and Buser prayed for an order setting aside the sale, and for an injunction against the Land bank and the Mortgage corporation enforcing their judgments otherwise than by applying the real property to the payment in full of the judgments. On the hearing of the motions the trial court confirmed the sale to the Land bank, again found the real property was worth $35 per acre, or $5,600, and denied Buser's motion. From these rulings Buser appealed to this court. It is here noted that no party in interest appealed from the original judgment finding the amounts due on the note, foreclosing the Land bank mortgage and giving the Mortgage corporation a right of redemption as a junior lienholder.

Although appellant makes some contention that the judgment granting to the Mortgage corporation the right to redeem was erroneous and invalid (*Federal Land Bank v. Shoemaker,* 155 Kan. 501, 126 P. 2d 205), no appeal was taken from that judgment and it is now a finality, even though it may have been subject to a timely attack. (*Clemens v. Kansas Gas & Electric Co.,* 131 Kan. 93, 289 Pac. 461; *Union Central Life Ins. Co. v. Pletcher,* 144 Kan. 359, 58 P. 2d 1158.) Our examination of appellant's contentions must be based on the finality of the original judgments.

Insofar as the sale to the Land bank is concerned, it is undisputed that it held the only mortgage foreclosed and that its bid was for the full amount of its judgment, interest, taxes and costs. Under the statute applicable (G. S. 1935, 60-3463a) a sale for that amount shall be deemed adequate. There is no contention the sale was invalid or subject to attack for any other reason. The order of the court approving the sale was correct.

The remaining question is whether the trial court should have enjoined the Mortgage corporation from attempting to collect from Buser other than by applying the mortgaged real estate to the satisfaction of its judgment. To recapitulate, it is noted that the amount of the judgment of the Land bank with interest, taxes and costs, was $3,882.93, and that the' judgment of the Mortgage corporation was $896.09 with interest from January 9, 1942, at five percent, and that the trial court found the reasonable value of the mortgaged real property was $5,600, a sum substantially in excess of the amount of the liens, taxes and costs against it. It is also noted that Buser acquired title to the land in August, 1935, and that he conveyed it to Koch in March, 1936, and in that period of time one installment of $40 became due and was paid. Thereafter during the period of Koch's ownership, the payments due were made in full until June, 1938. The last payment on the note appears to have been made April 17, 1939. With these facts appearing from the pleadings and the exhibits attached, the trial court rendered that portion of the judgment showing the limited liability of Butz and Buser.

The gist of appellant's contention is that when Koch purchased the mortgaged real estate from him the relation of principal and surety arose (see *Stove Works v. Caswell*, 48 Kan. 689, 29 Pac. 1072; *Mulvane v. Sedgley*, 63 Kan. 105, 64 Pac. 1038, 55 L. R. A. 552; 50 C. J. 26; Restatement, Security, § 83 [c]), and that the creditor must exhaust his rights in the mortgaged real estate before looking to the surety on his liability as such. The Mortgage corporation, recognizing that such a relationship may be created, contends that the decisions noted above are not applicable for the reason there is no showing that it as mortgagee assented to and accepted the relationship. With that contention we cannot agree. The facts concerning the giving of the mortgage by Butz, and the transfer of the mortgaged real estate from Butz to Buser and from Buser to Koch, are set out in detail in the cross petition, as well as the times payments were made on the note secured. We are not advised what evidence may have been received on trial of the foreclosure proceedings, but from the pleadings of the Mortgage corporation alone, it was inferable that it had received payments of principal and interest from Koch on at least three occasions and recognized him as its debtor, and that the trial court so inferred is evident from its judgment fixing priorities among and between Butz, Buser and Koch.

Actions to foreclose mortgages are equitable in nature. The general rule in equity is that a surety is entitled to the benefit of the security which the creditor obtains against the principal. Where there is danger of hardship to the surety and it can be done without substantial injury to the creditor, the court may require the creditor to exhaust the security pledged to the payment of the debt before the creditor may look to the surety. See 50 C. J. 234, Restatement, Security, § 131, and also *Packard v. Herrington*, 41 Kan. 469, 21 Pac. 621. The underlying basis for the above rule is made a part of our statutes with reference to property of principals and sureties taken on execution, it being provided:

"In all cases, the property, both personal and real, of the principal debtor, within the jurisdiction of the court, shall be exhausted before any of the property of the surety or bail shall be taken in execution." (G. S. 1935, 60-3427.)

The matter need not be rested alone on the above doctrine. The Mortgage corporation, after setting forth its note and mortgage, did not seek foreclosure—it did ask for and receive a judgment entitling it to redeem as a junior lienholder. We need not inquire whether that judgment was correct. (Cf. *Federal Land Bank v. Shoemaker*, supra.) If there were any error it was not one of which the Mortgage corporation could have taken advantage. The evidence on motion to confirm the sale showed that the value of the mortgaged real estate was more than sufficient to pay both of the mortgage liens with interest thereon, as well as the taxes and costs, and to leave a substantial balance. We know of no good reason why the appellant Buser may not now insist that as against him the Mortgage corporation must now look to its rights as a junior lienholder entitled to redeem for the recovery of the amount due to it from the principal debtor.

The ruling of the trial court affirming the sale to the Land bank is affirmed. Insofar as the trial court denied Buser's motion for an injunction against the Mortgage corporation, the ruling of the trial court is reversed and the cause remanded with instructions to enjoin the Mortgage corporation from attempting to collect its judgment by execution against the property of Buser.