No. 36,464

The Federal Land Bank of Wichita, *Plaintiff*, v. Frank C. Heath (also known as F. C. Heath) and Daisy B. Heath, His Wife, *Appellants*, Federal Farm Mortgage Corporation, *Appellee.*

(164 P. 2d 125)

Opinion filed December 8, 1945.

*Tinkham Veale,* of Topeka, argued the cause for the appellants.

*Edward H. Jamison,* of Wichita, argued the cause, *T. M. Lillard, O. B. Eidson, Philip H. Lewis, James W. Porter,* all of Topeka, *Robert C. Dow* and *Conrad L. Ball,* both of Wichita, were on the briefs, for the appellee.

The opinion of the court was delivered by

Burch, J.; This is a mortgage foreclosure action. The appeal is from an order of the district court overruling a motion on the part

of the original mortgagors to require the appellee to release and discharge a personal judgment or in the alternative for the court to enter or cause to be entered by the clerk an entry showing full satisfaction of the judgment and enjoin the appellee from asserting any rights under such judgment. In addition the appeal involves a question pertaining to the relationship of principal and surety.

The Federal Land Bank brought an action to foreclose a mortgage executed by the appellants, naming the appellants, their successors in interest, F. F. Cloud and Mary E. Cloud, and the Federal Farm Mortgage Corporation, appellee, as co-defendants. The Federal Farm Mortgage Corporation, which will hereinafter be referred to as the mortgage corporation, held a second mortgage on the involved property. It filed an answer and cross petition in which it asked for a personal judgment against the appellants and the parties to whom appellants had sold the farm, the above-named F. F. Cloud and Mary E. Cloud. The answer and cross petition alleged that the Clouds had assumed personal liability for the note and mortgage held by the mortgage corporation and also had agreed to pay all sums payable under the terms of the note and mortgage held by the Federal Land Bank. The appellants did not file an answer and neither did the Clouds. Judgment was rendered in favor of the Federal Land Bank on its note for $7,226.86, with interest, and for a foreclosure of its mortgage. The mortgage corporation was given a personal judgment on its note for $3,072.74, with interest, against the appellants and the Clouds. The mortgage corporation had not prayed for foreclosure of its second mortgage. Regardless of such fact, however, the mortgage corporation regarded itself as a junior lienholder, having a right of redemption, and between the twelve and fifteen months' period of redemption provided by the applicable statute, the mortgage corporation redeemed from the Federal Land Bank by paying the sum of $7,993.15, which represented the amount of the judgment of the Federal Land Bank, plus interest, taxes and costs. No objection was made to such redemption on the part of the mortgage corporation by the appellants and any irregularity or error in connection therewith is not before us for review. (See *Federal Land Bank v. Shoemaker*, 155 Kan. 501, 126 P. 2d 205.) Instead of objecting to redemption being made by the mortgage corporation, the appellants entered into negotiations with it seeking to develop an agreement relative to the satisfaction and settlement of the personal judgment. Most of the negotiations were had by cor-

respondence which was introduced in its entirety in support of the appellants' motion. While the negotiations were pending the mortgage corporation as a junior lienholder filed an affidavit within the ten days provided therefor in compliance with the provisions of G. S. 1935, 60-3450, setting forth that as a junior lienholder in the foreclosure action it was the owner and holder of a judgment in the amount of $3,283.56 as of February 2, 1944, with interest at the rate of five percent per annum from said date and that said corporation was unwilling to hold the property and credit the defendant-owner with the full amount of its lien but that it was willing to credit on its claim the sum of $1,000.

The dispute in this case arises over whether the appellee had agreed in the correspondence to allow the credit of $1,000 to apply upon the judgment regardless of whether the appellants redeemed the property, or whether the credit would be allowed only in case appellee became the ultimate owner thereof by reason of the execution of a sheriff's deed to the appellee. Appellants acquired by assignment from the Clouds their right of redemption.

The correspondence which was exchanged between the parties extends over sixteen pages in the printed briefs and in the opinion of the court the reprinting of it in this opinion is not necessary and would not aid either courts or counsel in similar cases. Careful examination of the same fails to disclose a definite agreement on the part of the appellee to allow a credit of $1,000 to apply upon the judgment in the event the appellants became the owners of the property by reason of redemption. This court is convinced from examination of the letters that it was the intent of the appellee only to allow the credit of the $1,000 upon the personal judgment in the event the appellee became the ultimate owner of the property and thus acquired for its benefit whatever the value of the equity may have been, and that there was never a meeting of the minds of the respective parties to the contrary. Even though we have reached such a conclusion it should be said in fairness to the appellants that some of the letters written in behalf of the appellee were confusing and may have led the appellants to believe that the $1,000 credit would be allowed upon the personal judgment regardless of what party or parties ultimately acquired title to the land. It is difficult to set forth herein excerpts from the correspondence with apparent impartiality to the parties without setting forth the correspondence almost in its entirety. However, on April 20, 1944,

the appellee wrote the appellants a letter which closed as follows:

"I have reviewed the correspondence and talked to the Vice-President of the Federal Farm Mortgage Corporation and am satisfied that you have misunderstood his reference to the $1,000 credit. . . We understand that your client wishes not only to redeem but to satisfy the Corporation's judgment. After redeeming for $9,033.74 plus interest, he will owe the Corporation $2,072.74 plus interest upon the Corporation's judgment."

The $1,000 credit in dispute had been included in compiling the figure of $9,033.74. Consequently, it was apparent that appellee was anticipating that in the event the appellants redeemed they would pay not only the $1,000 but in addition thereto $2,072.74.

After receipt of the above letter and without replying thereto, the appellants on April 29 paid into court the amount necessary to redeem and satisfy the personal judgment less the credit of the $1,000 and less also certain miscellaneous items aggregating $117.98 as of date of November 15, 1944, which made a total deficit in the amount necessary to pay off the mortgage and the personal judgment of $1,117.98 as of said date. At the time the appellants paid the money into court they knew, or should have known, from the letter dated April 20, that the appellee was expecting payment in full of its personal judgment in the event the appellants redeemed and acquired title to the property. Consequently, the appellants cannot consistently complain that they were misled by the appellee into parting with their money.

The memorandum opinion of the district court set forth that in its opinion appellants' motion should be denied because the mortgage corporation had complied strictly with the redemption laws of this state, and for that reason it overruled the motion. We are not in accord with such a conclusion but for the reasons herein given the judgment of the district court is affirmed insofar as it relates to the payment of the personal judgment.

This opinion should not be construed as holding that parties cannot agree upon satisfaction of a personal judgment for less than the original amount thereof because of any statutory prohibition. We do not consider, however, that G. S. 1935, 60-3450, should be construed as requiring a redeeming creditor to allow a credit on a personal judgment for the amount named in the affidavit in the event the judgment debtor redeems the property in the absence of a specific agreement to such effect. From the recent case of *Federal Land Bank v. Hart,* 157 Kan. 664, 143 P. 2d 649, the following is quoted:

". . . the defendant owner could have redeemed by paying the amount for which the mortgage corporation had redeemed from the plaintiff plus $1,500. They still would have had, however, a judgment for the difference between the original judgment and $1,500 outstanding against them." (p. 667.)

Counsel for appellants also contend that the district court erred in not entering an order to the effect that the appellants became sureties by reason of the fact that the Clouds assumed and agreed to pay the mortgages and made payments upon the same, which were accepted by the respective mortgage holders. It is contended that the Clouds thereby became the principal debtors and that the appellants became sureties with the result that the courts should have compelled the judgment holder to exhaust its remedies against the Clouds in satisfaction of the judgment before attempting to execute on any property owned by the appellants. Such a question was not presented to the trial court in connection with the foreclosure action but it was raised for the first time by appellants in their motion resisting the collection of the balance of the personal judgment. The effect of the delay need not be given consideration.

In support of their contention the appellants rely upon the recent case of *Federal Land Bank v. Butz,* 156 Kan. 662, 135 P. 2d 883. There is a controlling difference between the facts appearing in the cited case and those developed in the present one. In the cited case the original note and mortgage were signed by a party named Butz and an intermediate purchaser by the name of Buser assumed and agreed to pay the mortgage indebtedness. Later a third party named Koch purchased the property from Buser and also assumed and agreed to pay the mortgage indebtedness. This court held that in the circumstances developed in that case Buser became a surety but it did not hold that Butz, the original maker of the note, also became only a surety. In the present case the appellants were the original makers of the note and consequently when it was executed they became and remained at all times parties primarily liable for the payment of the same under the provisions of the uniform negotiable instruments act. (See *Bank v. Bowdon,* 98 Kan. 140, 157 Pac. 429; *Bank v. Watson,* 99 Kan. 686, 163 Pac. 637; and *Swan Savings Bank v. Snyder,* 124 Kan. 827, 262 Pac. 547.)

The judgment of the district court is affirmed.