No. 91,929

ALLIANCE MORTGAGE COMPANY, *Plaintiff/Appellee,* v. GARY P. PASTINE, JIMMY DALE LEIGHTY, JR., HANNELORE LEIGHTY, JOHN & MARY DOE, *Defendants,* BENEFICIAL MORTGAGE OF KANSAS, INC., *Defendant/Appellee,* THE CORPORATION COMPANY, INC., and STATE OF KANSAS DEPARTMENT OF REVENUE, *Defendants,* and EVERETT W. COX, JR., and TANYA E. COX, *Appellants.*

(136 P.3d 457)

Opinion filed June 16, 2006.

*S. Mark Edwards,* of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, argued the cause and was on the briefs for appellants.

*Mark L. Mellor,* of Mellor & Miller, P.A., of Wichita, argued the cause and was on the briefs for appellee Beneficial Mortgage Company of Kansas, Inc.

*Linda S. Mock,* of Shapiro and Reed, of Overland Park, was on the brief for appellee Alliance Mortgage Company.

The opinion of the court was delivered by

BEIER, J.: This appeal presents issues of first impression regarding the notice of sheriff's sale due a junior mortgage holder who has been made a party in a senior mortgage holder's foreclosure proceeding.

Alliance Mortgage Company (Alliance) sued to foreclose its first mortgage on real property in Junction City when debtor Hannelore Leighty defaulted. Beneficial Mortgage of Kansas, Inc. (Beneficial), was a second mortgagee and was named as a party defendant. Beneficial entered its appearance after proper service of summons, answered, and claimed an interest in the subject property. It asked the trial court to determine that it held a valid mortgage on the

property, to determine the priority of the claims on the property, and to grant "such other and further relief as the Court deems just and equitable." It did not attempt to foreclose its mortgage or seek to reduce its interest to judgment, and it did not set out the amount it was due.

The district court entered a decree of foreclosure, finding Alliance held a first and prior lien upon the property. The court entered judgment in favor of Alliance and against Leighty for $31,375.17, plus interest and listed expenses. The court stated Beneficial held a valid junior lien on the property. It also stated defendants would be barred from claiming any interest or lien in or to the property "subject only to the right of redemption from the Sheriff's Sale within three months from the date thereof." The trial court issued an order of sale to the Geary County Sheriff when the judgment was not paid within 10 days.

The sale was scheduled for December 12, 2002. Beneficial knew of the sale date, although neither it nor its counsel was served notice pursuant to K.S.A. 60-205 and no notice was published pursuant to K.S.A. 60-2410(a). It authorized its attorney, David Troup, to bid $117,500 at the sale. The December 12 sale was cancelled when Leighty filed for bankruptcy.

In July 2003, the bankruptcy court granted Alliance an order lifting its stay, and the sale was rescheduled for July 31, 2003. Notice of the sale was published in the Junction City Daily Union pursuant to K.S.A. 60-2410(a). Again, however, no notice was served on Beneficial or its counsel pursuant to K.S.A. 60-205. This time, Beneficial also did not receive informal notice. Alliance's attorney later stated that her secretary forgot to notify Beneficial informally of the new sale date.

Appellants Everett W. Cox, Jr., and Tanya E. Cox were the successful bidders at the sale. They paid $85,001 to the sheriff's office on the same day. The sheriff's return indicates that $43,290.73 of this amount went toward Alliance's judgment, interest, insurance, and other expenses, resulting in excess proceeds of $41,710.27.

Beneficial quickly filed a motion asking the court to set aside the sale or, in the alternative, to allow a substitute bid. In its motion, Beneficial asserted that it did not learn about the rescheduled sale

until after it had occurred. Beneficial also claimed that, had Alliance notified it, it would have bid $117,500 on the property. Beneficial attached a copy of a letter addressed to Troup that directed Troup to bid $117,500 at the sale that had been scheduled for December 2002.

Beneficial served all parties, including the Coxes, with its motion. The law firm representing Alliance had notified the Coxes the day of the sale that there was a problem.

Beneficial's motion was initially set for hearing in September 2003, but the hearing was continued to November 7. The record on appeal reflects no objection to the continuance by Beneficial.

In a memorandum opinion on December 17, 2003, the district court denied the motion. The district court found Beneficial's lien had been adjudicated but ruled Beneficial was not entitled to equitable protection because it had failed to provide evidence of the lien's amount, pursue a judgment, or otherwise protect its interest. The court also ruled that a junior lienholder was not entitled to actual notice of a sheriff's sale under K.S.A. 60-2410(a) and specifically held that the sheriff's sale had been conducted according to law in all respects.

Beneficial requested a rehearing, which was held on January 15, 2004. Alliance's attorney argued that it was regular practice in foreclosures to notify interested parties of sheriff's sales informally rather than by service under K.S.A. 60-205. Beneficial's attorney agreed that this had been common practice. The court noted that both attorneys treated the law "rather cavalierly" in never serving by mail and filing proof of service on the one hand yet demanding on the other that actual notice was required once the practice of informal notice failed because of a mistake.

In January 2004, the district court vacated its previous memorandum opinion. It held that Beneficial was denied due process when it was not given actual notice enabling it to bid at the sale. It also held that Beneficial was a creditor entitled to redeem and that it should have an additional 10 days to do so. Although this was characterized as an "extension" of Beneficial's redemption right, the parties appear to agree that this remedy actually effected a resuscitation of any redemption right Beneficial may have held.

On January 22, 2004, Beneficial paid $117,500 into the court, and the court ordered disbursal of $88,686.50 to the Coxes, which the Coxes accepted. Beneficial then filed a motion to confirm the redemption, and the Coxes filed a motion in response, seeking to reopen the notice issue. The district court granted Beneficial's motion and denied the Coxes' motion from the bench.

The Coxes appealed to the Court of Appeals, arguing that: (1) The district court erred in extending Beneficial's redemption period beyond the 3 months allowed under K.S.A. 60-2414(m) after it found that the sale was otherwise in conformity with the law and that Beneficial elected not to protect its interests; and (2) because Beneficial was entitled only to publication notice of the sheriff's sale under K.S.A. 60-2410(a), its due process rights were not violated.

Two members of the Court of Appeals' panel, Judges Henry Green and G. Joseph Pierron, agreed that the district court had abused its discretion in allowing Beneficial to redeem out of time. *Alliance Mortgage Co. v. Pastine*, 33 Kan. App. 2d 442, 104 P.3d 405 (2005). They reversed and remanded the case with an order to confirm the sale at which the Coxes were the high bidders, provided the Coxes paid the original foreclosure sale price of $85,001 within 30 days of the issuance of the Court of Appeals' mandate. The majority further held that the sale to the Coxes was reasonable under K.S.A. 60-2415(a) and that K.S.A. 60-2410(a) was a more specific service statute and controlled over K.S.A. 60-205. Beneficial was therefore entitled only to notice by publication of the sheriff's sale. *Alliance*, 33 Kan. App. 2d at 451.

Judge Lee Johnson dissented, arguing that Beneficial was "entitled to receive notice of impending action as a participating litigant, not because of its status as a junior lienholder." *Alliance*, 33 Kan. App. 2d at 458. He argued that K.S.A. 60-2410(a) "is not a substitute for compliance with the K.S.A. 2003 Supp. 60-205 requirement to notify other *parties* of actions being taken in the case." *Alliance*, 33 Kan. App. 2d at 458. He also argued that the plain language of K.S.A. 60-2414 entitled any creditor to redeem if its claim "is or becomes a lien prior to the expiration of the time allowed by law for the redemption by creditors." K.S.A. 60-2414(c).

He argued that Beneficial was such a creditor and that the statute gave it standing to redeem. *Alliance,* 33 Kan. App. 2d at 459.

### Acquiescence

On appeal, Beneficial challenges jurisdiction. It argues that the Court of Appeals lacked jurisdiction to hear the Coxes' appeal because the Coxes' acceptance and use of the redemption funds Beneficial paid to the district court constituted acquiescence in the district court's judgment.

The right to appeal is purely statutory. If the record indicates that jurisdiction does not exist, an appeal must be dismissed. See *Nguyen v. IBP, Inc.,* 266 Kan. 580, 588, 972 P.2d 747 (1999).

Acquiescence to a judgment cutting off the right of appellate review occurs when a party voluntarily complies with a judgment by assuming the burdens or accepting the benefits of the judgment contested on appeal. *Varner v. Gulf Ins. Co.,* 254 Kan. 492, 494-95, 866 P.2d 1044 (1994). A party that voluntarily complies with a judgment should not be allowed to pursue an inconsistent position by appealing from that judgment. *Varner,* 254 Kan. at 495. Because acquiescence involves jurisdiction, the matter raises a question of law subject to unlimited review by this court. See *Cypress Media, Inc. v. City of Overland Park,* 268 Kan. 407, 414, 997 P.2d 681 (2000).

Although the Coxes accepted the benefits of the district court's ruling, our analysis does not stop here. We have held that an appeal otherwise barred by an appellant's acquiescence in the judgment may be permissible in certain circumstances. The Court of Appeals found such circumstances existed here, determining that the Coxes' acceptance of the redemption funds was a protective measure under *Bank IV Wichita v. Plein,* 250 Kan. 701, 709, 830 P.2d 29 (1992). A *Plein* protective measure is taken in defense of and to protect a party's rights while an appeal is pending. 250 Kan. at 709.

We agree with the Court of Appeals that application of the protective measure exception is appropriate on this particular set of facts. Had the Coxes refused to accept the funds, they would have had to pay unnecessary interest on the loan they took to finance

their purchase of the property. This hardship put the Coxes' action well within the protective measure exception, and their acquiescence does not bar their appeal of the district court's judgment.

### Sufficiency of Notice to Junior Lienholder

The Court of Appeals' majority applied K.S.A. 60-2410(a) to hold that notice by publication to a junior lienholder was all that due process required. Beneficial argues that this holding constitutes a judicial repeal of K.S.A. 60-205, which requires actual written notice to parties of every action in a civil legal proceeding. Beneficial further argues that this holding violates due process as guaranteed by both the Kansas and the United States Constitutions. These are issues of first impression before this court.

Interpretation of statutes and the question of whether due process was provided under specific circumstances raise issues of law, and an appellate court's review is unlimited. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003); *Murphy v. Nelson*, 260 Kan. 589, 594, 921 P.2d 1225 (1996).

K.S.A. 60-205 outlines the general rules for service of pleadings in a civil action. K.S.A. 60-205 service "shall constitute sufficient service and filing in all civil actions and special proceedings," but the provisions of the section "shall be alternative to, and not in restriction of, different methods specifically provided by law." K.S.A. 60-205. It requires service upon each of the *parties* of:

"[E]very order required by its terms to be served; every pleading subsequent to the original petition, unless the court otherwise orders because of numerous defendants; every paper relating to disclosure of expert testimony or discovery required to be served upon a party, unless the court otherwise orders; every written motion other than one which may be heard *ex parte*; and every written notice, appearance, demand, offer of judgment, designation of record on appeal and similar paper."

K.S.A. 60-205(b) specifies how service "required or permitted" under this section shall be made. Service upon a party represented by an attorney "shall be made upon the attorney" unless otherwise ordered by the court. K.S.A. 60-205(b) further specifies that service upon the attorney or upon a party shall be made: (1) by hand

delivery; (2) by mail; (3) if no address is known, by leaving it with the clerk of the court; or (4) by fax.

The purpose of the requirements in K.S.A. 60-205 is to fairly apprise the parties in a civil action of judicial action affecting their interests. Under constitutional guaranties of due process, any judicial process can be made effective only on sufficient notice to parties concerned. See U.S. Const. Amend. 14; Kan. Const. Bill of Rights, §18; *State Bank of Dodge City v. McKibben*, 146 Kan. 341, 345, 70 P.2d 1 (1937).

In contrast, K.S.A. 60-2410 governs the sale of real property under execution. Section (a) sets out the notice required for such sale:

"Lands and tenements taken on execution shall not be sold until the officer gives public notice of the time and place of sale once each week for three consecutive weeks prior to the day of sale, by publication in the county in which the judgment was rendered and in the county in which the land and tenements are located. Each such publication shall be in a newspaper which meets the requirements of K.S.A. 64-101 and amendments thereto and which is designated by the party ordering the sale. The last such publication shall not less than seven days nor more than 14 days prior to the day of sale." K.S.A. 60-2410(a).

Alliance complied with this statute; it did not comply with K.S.A. 60-205.

In its decision, the Court of Appeals' majority relied on the specific statement in K.S.A. 60-205 that it "shall be [an] alternative to, and not in restriction of, different methods specifically provided by law." It saw K.S.A. 60-2410(a) as one of the more specific "different methods" referenced and thus held that it governed. The majority also appeared to take the position that all the notice due Beneficial as a party to the foreclosure was service of the initial petition and summons. In the majority's view, when Beneficial was apprised of the foreclosure action and failed to cross-petition to "adjudicate" its interest, the journal entry of October 11, 2001, concluded its participation as a party to the proceedings. From that point forward, Beneficial was a mere creditor that "should have been diligent in watching the publication notices and determining the date of the sheriff's sale." *Alliance*, 33 Kan. App. 2d at 451-52. "There is no requirement . . . that creditors be personally served with

notice of the sale." *Alliance,* 33 Kan. App. 2d at 451. Beneficial had no "right of notice superior to the right of notice enjoyed by private citizens." *Alliance,* 33 Kan. App. 2d at 456.

Judge Johnson's dissent hinged on Beneficial's status "as a participating litigant [in the foreclosure action] not . . . as a junior lienholder." 33 Kan. App. 2d at 458. The obvious purpose of K.S.A. 60-2410(a) prohibiting a sale " 'until the officer gives *public* notice of the time and place,' " is "to get the word out . . . to facilitate a meaningful sale," and the provision "is not a substitute for compliance with the K.S.A. 2003 Supp. 60-205 requirement to notify other *parties* of actions being taken in the case." 33 Kan. App. 2d at 458.

We agree with Beneficial and Judge Johnson that the specific provision in K.S.A. 60-2410(a) for notice of sheriff's sales to members of the public cannot be read to limit the notice that must be given a party in a civil proceeding. The contrary result reached by the Court of Appeals' majority's reading of the statutes is unreasonable, and statutes should be interpreted and construed to avoid unreasonable results. See *In re M.R.,* 272 Kan. 1335, 1342, 38 P.3d 694 (2002). Furthermore, when a statute is plain and unambiguous, the court must give effect to the legislature's intent as it is expressed. *Williamson v. City of Hays,* 275 Kan. 300, 305, 64 P.3d 364 (2003). General and special statutes should be read together and harmonized whenever possible. To the extent a conflict exists, the special statute will prevail unless it appears that the legislature intended to make the general statute controlling. *In re Estate of Antonopoulos,* 268 Kan. 178, 189, 993 P.2d 637 (1999).

In our view, the plain language of K.S.A. 60-2410(a) requires a public notice before the sale of real property under a writ of execution; it is specific to the public. The plain language of K.S.A. 60-205 requires actual notice to parties in civil actions; it is specific to parties; under it notice by publication is inadequate. There was no conflict between these two statutes in this case. Each applied. The public was due notice under K.S.A. 60-2410(a), and Beneficial was due notice under K.S.A. 60-205, because it had appeared as a party defendant in the foreclosure proceedings.

This outcome on the statutory interpretation issue also is consistent with the requirements of due process. The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. See *Board of Reno County Comm'rs v. Akins*, 271 Kan. 192, 196, 21 P.3d 535 (2001).

Under *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950), an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Without notice under K.S.A. 60-205, Beneficial did not get the benefit of notice "reasonably calculated" to apprise it of the sheriff's sale. Without such notice, due process was denied and any resulting judgment rendered is void. See *Board of Reno County Comm'rs v. Akins*, 271 Kan. 192, 196-98, 21 P.3d 535 (2001) (publication notice of tax foreclosure sale of farm insufficient to satisfy due process requirements; effort to locate landowner prior to sale should be proportional to use and value of the property); *Nguyen v. IBP, Inc.*, 266 Kan. 580, 588, 972 P.2d 747 (1999) (workers compensation award misaddressed; claimant fails to receive the award prior to the running of the time limitation for appeal; court held insufficient notice, allowed late appeal); *Joe Self Chevrolet, Inc. v. Board of Sedgwick County Comm'rs*, 247 Kan. 625, 630-32, 802 P.2d 1231 (1990) (secured creditor entitled to notice of county's intent to hold tax foreclosure sale of property in which it had interest); *Board of County Commissioners v. Alldritt*, 217 Kan. 331, 334-35, 536 P.2d 1377 (1975) (where delinquent taxpayer is corporation and its address, or that of an officer, partner, or agent is readily ascertainable; notice of proceedings by publication service alone is insufficient); *Chapin v. Aylward*, 204 Kan. 448, 464 P.2d 177 (1970) (lack of personal notice to property owners of tax foreclosure action whose names and addresses readily ascertainable violated due process; statute of limitations not applicable; sheriff's deed held null and void 3½ years after confirmation of sale); *Pierce v. Board of County Commissioners*, 200 Kan. 74, 82, 434 P.2d 858

(1967) (plaintiffs with known address never learned of foreclosure or of delinquent taxes until after the sale of their property; court held notice by publication service alone is insufficient; sale set aside).

We next turn to the appropriateness of resuscitating any redemption right held by Beneficial as a remedy for the statutory notice and due process violation.

### Right of Redemption as Remedy

K.S.A. 60-2414 governs the redemption of real property. Beneficial argues that it was a creditor entitled to redeem as defined in K.S.A. 60-2414(c), and that it was not required to attempt foreclosure of its interest or to reduce the interest to judgment in order to preserve that right under K.S.A. 60-2414(b). The Coxes do not discuss K.S.A. 60-2414, arguing only that K.S.A. 60-2415 prevented the district court from allowing a redemption or any other equitable remedy once the sale was confirmed.

The majority of the Court of Appeals' panel held that a junior mortgage holder's failure to foreclose its mortgage in a proceeding initiated by a senior mortgagee extinguishes the junior mortgagee's right to redeem the property. *Alliance,* 33 Kan. App. 2d at 452-53. Judge Johnson dissented, focusing on the plain language of K.S.A. 60-2414, which entitles any creditor to redeem if its claim "is or becomes a lien prior to the expiration of the time allowed by law for the redemption by creditors." K.S.A. 60-2414(c). In the opinion of Judge Johnson, Beneficial qualified as such a creditor with a valid lien, as recognized by the district court in the foreclosure proceeding. It therefore had standing to redeem under K.S.A. 60-2414(c). *Alliance,* 33 Kan. App. 2d at 459.

We need not settle this disagreement in this case. Assuming arguendo that Beneficial had a right of redemption, there is no dispute between the parties before us that any such right had expired by the time the district court attempted to "extend" it. We also think it plain that the correct remedy for the denial of Beneficial's statutory and due process notice of the sheriff's sale was not a revived right of redemption but set-aside of the sale, provision of adequate notice, and a new sale with all parties and the public

free to participate or not participate as they see fit. Contrary to the statement of the Court of Appeals' majority, the Coxes did not have an absolute right to have the sale to them confirmed as long as it was for an adequate purchase price. See K.S.A. 60-2415; *Alliance,* 33 Kan. App. 2d at 444. Although such sales will not be set aside absent a substantive or procedural irregularity, see K.S.A. 60-2415 and *Liberty Savings & Loan Ass'n v. Hanson,* 145 Kan. 174, 64 P.2d 609 (1937), insufficient notice to Beneficial in violation of statute and due process constituted such an irregularity.

The judgment of the Court of Appeals is affirmed in part and reversed in part. The judgment of the district court is affirmed in part, reversed in part, and the case is remanded to the district court for further proceedings consistent with this opinion.

LOCKETT, J., Retired, assigned.