NOT DESIGNATED FOR PUBLICATION

No. 111,800
No. 111,841

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of

KIMBRA (PHILLIPS) MARTIN,
*Appellant*,

and

DANIEL PHILLIPS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed March 25, 2016. Affirmed.

*Kimbra L. Martin*, appellant pro se.

*Scott H. Kreamer*, of Hubbard, Ruzicka, Kreamer & Kincaid L.C., of Olathe, and *Allison G. Kort*, pro hac vice, for appellee.

Before GREEN, P.J., BUSER, J., and HEBERT, S.J.

*Per Curiam*: Kimbra Martin appeals the trial court's judgment denying her motion for reconsideration of the court's February 21, 2014, order which terminated the contempt proceedings against Daniel Phillips. Martin also appeals the trial court's judgment denying her motion for sanctions under K.S.A. 2015 Supp. 60-211. Finding no merit in these contentions, we affirm.

1

The parties were divorced in 1989 in Johnson County, Kansas. The child for whom Phillips was ordered to pay support is now an adult. In July 2008, Martin filed a notice of registration of support order from the Superior Court of Washington, King County, in the Johnson County, Kansas, district court under the Uniform Interstate Family Support Act (UIFSA). The trial court determined that the enforcement order could be registered in Kansas. Phillips appealed that decision in *In re Martin and Phillips*, No. 102,107, 2010 WL 3731572 (Kan. App. 2010) (unpublished opinion). Our court affirmed the trial court's decision. 2010 WL 3731572, at * 2. Phillips' petition for review was denied on January 10, 2011.

In April 2007, the Johnson County District Court Trustee's Office registered two Washington judgments in the trial court under the UIFSA. Phillips appealed the registration of the judgments to our court which upheld the registration. See *In the Matter of Martin and Phillips*, No. 102,107, 2010 WL 3731572 (Kan. App. 2010) (unpublished opinion).

In April 2009, the Trustee's Office filed a motion and affidavit for an order to appear and for an order to appear for expedited hearing. Phillips responded by filing a motion to dismiss. Alternatively, Phillips requested to make monthly payments while his appeal was pending. On September 17, 2009, the hearing officer orally ordered that effective September 2009, Phillips would make monthly payments of $150 as a "purge amount." The journal entry of contempt hearing which reflected the hearing officer's decision was not filed until January 6, 2010.

On January 21, 2010, Phillips filed a petition for review of the hearing officer's ruling. On April 1, 2010, the trial court heard the matter and took it under advisement. On September 7, 2011, the trial court entered its journal entry of contempt hearing denying Phillips' petition for review.

2

On October 6, 2011, Phillips moved for reconsideration or new trial. The trial court scheduled a hearing on Phillips' motion for February 23, 2012. Before the February hearing, Martin moved to strike Phillips' motion for reconsideration. In her motion, Martin argued that Phillips had never served her with any of the pleadings on the Trustee's motion for contempt and that as a result, Phillips' motion for reconsideration should be stricken.

On February 23, 2012, the trial court heard Phillips' motion for reconsideration. Martin appeared for the first time, by phone, and asserted that she was a party to the Trustee's proceedings, and that service of all pleadings was required to be made upon her. During the hearing, the Trustee was specifically asked by the court if it had provided Martin with copies of all the pleadings involved in the case. The following exchange occurred:

> "[Phillips' counsel:] Did she [Martin] receive them [the pleadings] from you, [Trustee]? Did—when you—I know you got copies; did you send them to her? As an officer of the court, did you send them to her?
>
> "[Trustee:] Judge, do you want me to answer that?
>
> "[The court:] Yes.
>
> "[Trustee:] Okay. Yes, I believe that I did. Because I have been trying to—
>
> "[Phillips' counsel:] There you go. She has had actual notice, and this has all been a ruse that they are trying to perpetrate on you, Judge, for a long time. They never mentioned that, you see, that one salient fact."

The trial court continued the hearing until Phillips served Martin with all pending motions, stating that it would rule on all motions after Martin was served. On March 12,

3

2012, after being served with the pending motions, Martin filed a renewed motion to strike, a motion to strike Phillips' petition for review, and a motion to dismiss.

In March 2012, while Phillips' motion for reconsideration was still pending, the hearing officer held another hearing with Martin present. On April 10, 2012, the hearing officer filed his judgment form for hearing officer. He held that "[Phillips] is found to be in indirect civil contempt of the Court's previous orders for willful failure to pay the support judgment balance as previously ordered." The judgment further ordered that "[a]s a sentence for such contempt, [Phillips] is ordered to spend every weekend in jail from Friday at 7:00 p.m. until Sunday at 7:00 p.m.; that sentence is stayed conditioned upon [Phillips] paying the amount of $1,000.00 per month toward the existing judgment balance . . . ." Phillips timely filed a notice of appeal.

On February 6, 2013, Martin moved for sanctions, arguing that both Phillips and his counsel deliberately misrepresented federal and state law and improperly argued that the Washington judgment was unenforceable. Phillips did not file a response.

On January 13, 2014, the trial court held a hearing on Martin's motion for sanctions. The trial court ultimately declined to sanction Phillips or his counsel because they did not violate K.S.A. 2015 Supp. 60-211. The trial court further held that Martin "essentially requests this Court to sanction [Phillips and his counsel] for making arguments in support of their position."

On February 21, 2014, the trial court entered an order which vacated the hearing officer's March 2012 order. In the order, the trial court determined that in the September 2009 order, Phillips had been found in contempt and ordered to pay $150 per month "as a purge amount," and that the purge amount had been modified in March 2012 to $1,000 per month, despite no subsequent allegations of contempt and Phillips' timely payment of

4

his original purge amount. The court further held that the incarceration provision constituted a determinate sentence which was prohibited in a civil contempt proceeding.

On March 21, 2014, Martin moved for reconsideration of the trial court's February 21, 2014, order, which was denied by the court. Martin timely filed her notice of appeal. On August 26, 2014, this appeal was consolidated with case No. 111,800.

After the trial court denied Martin's motion for reconsideration on the contempt proceeding, the trial court asked the parties whether there were any remaining motions. Martin asserted that her various motions to strike had not been ruled upon and argued that they were not moot. On May 12, 2014, the trial court entered an order determining that Martin's motion to strike was moot based on the court's previous February 21, 2014, order which reversed the enhanced contempt findings.

*Did the Trial Court Err in Finding That Martin's Motion to Strike Was Moot?*

First, Martin challenges the trial court's finding that her motion to strike was moot. Martin argues that even if the trial court's finding was correct, this court should still consider her arguments because they are of great public importance.

"Interpretation of statutes and the question of whether due process was provided under specific circumstances raise issues of law, and an appellate court's review is unlimited." *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1272, 136 P.3d 457 (2006).

In *Alliance*, our Supreme Court held that service by publication of a sheriff's sale was inadequate and constitutionally deficient to notify a nondefaulting party defendant of the sale. 281 Kan. at 1274-75. As a result, our Supreme Court set aside a sheriff's sale and

5

ordered that the failure to provide statutory notice be corrected. *Alliance*, 281 Kan. at 1266, Syl. ¶ 7.

In her motion to strike, Martin contends that the contempt proceedings were void because Phillips never served her with any of the pleadings. Nevertheless, the record shows that the Trustee's Office had in fact served Martin with all of the pleadings. Additionally, before ruling on Phillips' motion for reconsideration, the trial court continued the hearing until Phillips properly served Martin. Thus, the service issue was properly cured before the court entered its decision.

Based on the guidance provided in *Alliance*, certain due process errors can be cured by providing proper service. Here, once the court learned that Phillips had not properly served Martin, the court refused to enter a decision until that error was cured. The trial court required Phillips to cure this error even though it was aware of the fact that Martin had already received the same service from the Trustee's Office. Nevertheless, the trial court correctly stopped the proceedings until Phillips properly complied with the statutory notice requirements. Once that error was cured, the proceedings continued. Thus, because the service issue was properly cured in this case, there was no need to address Martin's motion to strike arguments. As a result, we determine that the trial court properly declined to address Martin's motion to strike because it was moot.

*Did the Trial Court Err in Denying Martin's Motion for Reconsideration?*

Next, Martin appeals the trial court's denial of her motion to reconsider its February 21, 2014, order, which reversed the increased purge amount that Phillips was required to pay. Among other things, Martin argues that the trial court abused its discretion in denying her motion to reconsider.

A motion to reconsider is generally treated as a motion to alter or amend judgment under K.S.A. 60-259(f). *Exploration Place, Inc. v. Midwest Drywall Co.,* 277 Kan. 898, 900, 89 P.3d 536 (2004). K.S.A. 60-259(f) gives the trial court "authority to reconsider its prior findings of fact and conclusions of law and make . . . appropriate amendments and alterations thereto." *In re Marriage of Willenberg,* 271 Kan. 906, 910, 26 P.3d 684 (2001). Appellate courts have "recognized that motions to alter and amend may properly be denied where the moving party could have, with reasonable diligence, presented the argument prior to the verdict." *Wenrich v. Employers Mut. Ins. Co.,* 35 Kan. App. 2d 582, 590, 132 P.3d 970 (2006). Appellate courts review a trial court's decision on a motion to alter or amend for abuse of discretion. *Exploration Place,* 277 Kan. at 900. A trial court abuses its discretion if it acts in an arbitrary, fanciful, or unreasonable manner or if it makes an error based on errors of fact or errors of law. *Northern Natural Gas Co. v. ONEOK Field Services Co.,* 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* ___ U.S. ___, 134 S. Ct. 162 (2013).

In this case, Martin argues that the trial court erred in finding (1) that Phillips was found in contempt prior to April 10, 2012; and (2) that a determinate sentence was entered on April 10, 2012. Martin maintains that the trial court abused its discretion in failing to reconsider these findings and asks that this court reverse the trial court's decision and remand solely to determine the costs Martin incurred in filing the motion to reconsider.

Martin also asserts that the trial court exceeded its jurisdiction in reviewing the contempt finding. Nevertheless, this court has previously determined that a motion for reconsideration would be proper for alerting the trial court to an error in facts or in the law that it used in arriving at its judgment but not for arguing that the trial court lacked jurisdiction to enter the order addressing "the arguments already before it." *In re Marriage of Mullokandova & Kikirov*, No. 108,601, 2013 WL 5422358, at *7 (Kan. App. 2013) (unpublished opinion) ("reckless indifference" to a court's jurisdiction to resolve

7

the issues pending in a case did not constitute "excusable neglect" warranting reconsideration).

In refusing to reconsider its February 21, 2014, order, the trial court cited to *Renfro v. City of Emporia, Kan.*, 732 F. Supp. 1116 (1990). In *Renfro*, the trial court explained the restrictions on a Rule 52 motion: "A Rule 52 motion for the court to alter or amend its findings is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case." 732 F. Supp. at 1117.

The trial court explained that Martin had failed to show why the court should reconsider its previous ruling. The court noted that Martin did not present any new arguments that were not previously presented, and even if she did, she failed to identify why she could not have made those arguments earlier.

The trial court further explained that its decision regarding the determinate sentence was supported by a recent Court of Appeals decision. In *In re Marriage of Shelhamer*, 50 Kan. App. 2d 152, 156-57, 323 P.3d 184 (2014), our court held that a 6-month jail sentence was imposed solely as punishment and was an impermissible sanction for indirect civil contempt.

Based on the facts presented, we determine that the trial court did not abuse its discretion when it denied Martin's motion for reconsideration. As the trial court correctly pointed out, Martin failed to present any new arguments in an effort to change the court's decision. Without any new arguments, it seems that Martin was simply trying to relitigate the issue or get the court to rehear the merits of the case. Moreover, the trial court did not abuse its discretion in determining that the jail sentence imposed on Phillips was a determinate sentence, which was improper for indirect civil contempt. See *In re Marriage of Shelhamer*, 50 Kan. App. 2d at 156-57. The trial court's decision was reasonably based on the evidence presented for its consideration. As a result, we conclude that Martin has

failed to meet her burden to demonstrate that the trial court abused its discretion in this matter.

*Did the Trial Court Err in Denying Martin's Motion for Sanctions?*

Finally, Martin contends that the trial court erred in denying her motion for sanctions against Phillips and his counsel. Martin maintains that the trial court disregarded ample evidence which demonstrated that Phillips and his counsel deliberately ignored and misconstrued applicable law, misstated case holdings, denied the existence of contrary authority, and presented untenable arguments. Martin argues that this evidence demonstrates conduct that warranted the imposition of sanctions.

Under K.S.A. 2015 Supp. 60-211(b)-(c), the trial court has discretion to award sanctions if a party files suit for an improper purpose, presents frivolous legal arguments, or presents factual contentions that lack evidentiary support:

> "(b) *Representations to the court.* By presenting to the court a pleading, written motion or other paper, whether by signing, filing, submitting or later advocating it, an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances:

> "(1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;

> "(2) the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law;

> "(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

9

"(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"(c) *Sanctions.* If, after notice and a reasonable opportunity to respond, the court determines that subsection (b) has been violated, the court may impose an appropriate sanction on any attorney, law firm or party that violated the statute or is responsible for a violation committed by its partner, associate or employee. The sanction may include an order to pay to the other party or parties [the] reasonable expenses, including attorney's fees, incurred because of the filing of the pleading, motion or other paper."

The proper standard of review to be used under K.S.A. 2015 Supp. 60-211 is an abuse of discretion standard. *In re Marriage of Bergmann & Sokol*, 49 Kan. App. 2d 45, 50, 305 P.3d 664 (2013). A court abuses its discretion if its decision is unreasonable or based on a legal or factual error:

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106, *cert. denied* 134 S. Ct. 162 (2013).

In *Wood v. Groh,* 269 Kan. 420, 431, 7 P.3d 1163 (2000), our Supreme Court set forth the following factors which should be considered when determining whether to impose sanctions under K.S.A. 60-211:

"(1) whether the improper conduct was willful or negligent;

"(2) whether it was part of a pattern of activity or an isolated event;

"(3) whether it infected the entire pleading or only one particular count or defense;

"(4) whether the person has engaged in similar conduct in other litigation;

"(5) whether it was intended to injure;

"(6) what effect it had on the litigation process in time or expense;

"(7) whether the responsible person is trained in the law;

"(8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and

"(9) what amount is needed to deter similar activity by other litigants."

In reaching its decision, the trial court properly cited the *Wood* factors and applied them in reaching its decision. The trial court determined that sanctions were not warranted in this case because Martin "essentially requests this Court to sanction [Phillips and his counsel] for making arguments in support of their position." The court noted that because there was no caselaw on point there were no clear answers to the various difficult issues that the parties had raised in this case. The court further determined that Phillips and his counsel made arguments to support their positions and that there was no evidence of malicious intent. Additionally, the court stated: "All of the arguments had a basis in law and fact, and [Phillips and his counsel] will not be punished for simply arguing their position."

We note, based on an abuse of discretion standard, that the trial court's decision clearly shows that the statutory provisions of K.S.A. 2015 Supp. 60-211(b) and (c) were examined and that the trial court considered the nine enumerated factors in *Wood*. Moreover, the trial court stated: "[T]he procedural posture of this case is more akin to a law school or bar exam fact pattern than to any other case this Court has seen." We note that this case involved multiple challenging issues and had been appealed to our court a handful of times already. Thus, although Phillips and his counsel's arguments may have been wrong at times, the trial court determined that there was nothing so unreasonable as

11

to warrant sanctions. Based on the facts and circumstances presented, we conclude that the trial court did not abuse its discretion in denying Martin's motion for sanctions.

Affirmed.