NOT DESIGNATED FOR PUBLICATION

No. 118,731

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of
VICTOR B. HERRMAN.

MEMORANDUM OPINION

Appeal from Rush District Court; KENTON T. GLEASON, judge. Opinion filed September 7, 2018.
Affirmed.

*Kathryn Ely*, appellant pro se.

*Teri Ann Huggins*, of Huggins Legal Services LLC, of Kansas City, Missouri, for appellee.

Before MALONE, P.J., MCANANY and POWELL, JJ.

PER CURIAM: Kathryn Ely appeals a magistrate judge's order that she repay $17,854, plus interest, to Victor B. Herrman's estate. Throughout the proceedings below, Ely represented herself. In her pro se brief on appeal, she argues that the magistrate judge violated her procedural due process rights by denying her the opportunity to be heard during the probate hearings. But Ely is raising her due process claim for the first time on appeal without complying with the applicable rules. More importantly, Ely neglected to provide this court with any transcripts of the hearings where she claims her due process rights were violated. With no transcripts, we cannot determine whether Ely's claim is true. The law grants pro se appellants no extra leeway. Because Ely has failed to designate a record to support her claim, we uphold the magistrate judge's order.

1

FACTS

In 2007, Herrman passed away without a will. According to Ely, she took care of Herrman's affairs before and after his passing. But also after his passing, Ely took 12 United States savings bonds eventually found by the court to belong to Herrman's estate, without the estate's permission. She later cashed in the bonds having a value of $17,854.

On May 21, 2015, Michael Sitton filed a petition for issuance of letters of administration in Herrman's estate. Ely and Sitton are Herrman's niece and nephew, and along with another relative, they are the only heirs of Herrman's estate. Ely filed written objections to the appointment of Sitton as administrator of the estate, and the matter was set for hearing on September 17, 2015. We have no transcript of the hearing on that date, but the court's order from the hearing states that Ely did not attend the hearing. The magistrate judge appointed Sitton as the administrator of Herrman's estate. Sitton later filed an inventory and valuation of the estate assets.

On February 16, 2016, Ely filed a petition seeking payment for services and funds she provided to Herrman before and after his death. In the petition, Ely asked to be paid $150 per hour for various services she rendered to Herrman before his death and she also sought reimbursement for funeral and burial expenses.

On June 27, 2016, Sitton filed a petition to compel Ely to produce Herrman's estate assets, specifically the United States savings bonds. The petition alleged that Ely converted Herrman's saving bonds to cash without the knowledge or permission of the other heirs. The petition alleged that Ely refused to reimburse the estate for the value of the savings bonds despite repeated demands by the estate. The petition also claimed that Ely was liable for double the value of the property she converted under K.S.A. 59-1704.

2

The court later scheduled Sitton's petition to compel for hearing on August 23, 2016. Ely filed a motion for permission to appear at the hearing by telephone, but the magistrate judge denied this request and ordered the parties to appear in person. On August 23, 2016, Ely filed written objections to Sitton's petition to compel. Ely's primary objection was that the petition was barred by the statute of limitations. That same day, the district court held a hearing on the petition. Again, the appellate record contains no transcript of this hearing.

In a written order filed on September 26, 2016, the magistrate judge found, based on the testimony at the hearing, that Ely had improperly converted the savings bonds over a period of time from 2008 to 2011. The magistrate judge ordered Ely to repay the value of the bonds to Herrman's estate, amounting to $17,854 plus interest, to be paid within 60 days. In reaching this decision, the magistrate judge rejected Ely's arguments that Sitton's petition to compel was time barred. The magistrate judge denied Sitton's claim for double damages under K.S.A. 59-1704. Finally, the magistrate judge acknowledged that he had yet to rule on Ely's petition for payment for services, and the court indicated that it was willing to conduct a hearing on that matter at a later time. Ely filed a notice of appeal of the magistrate judge's September 26, 2016 order to the Court of Appeals.

ANALYSIS

On appeal, Ely contends that the magistrate judge violated her procedural due process rights by denying her the opportunity to present evidence of her claims. Ely claims the magistrate judge refused to hear any of her affirmative defenses, in particular that Sitton was time barred from settling the estate.

Sitton counters that Ely fails to challenge the accuracy of the magistrate judge's findings of fact and conclusions of law and that Ely's due process rights were never violated anyway. Sitton also argues that Ely is procedurally barred from raising her due

3

process claim on appeal because Ely has failed to designate an adequate record for this court to address the claim and because her due process claim is unpreserved.

Whether due process was provided in specific circumstances raises issues of law, and appellate review is unlimited. *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1272, 136 P.3d 457 (2006). The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Kennedy v. Board of Shawnee County Comm'rs*, 264 Kan. 776, 797-98, 958 P.2d 637 (1998).

To begin with neither party challenges this court's jurisdiction to consider Ely's appeal while estate proceedings remain pending in district court. In any event, we find that Ely has properly invoked this court's appellate jurisdiction under K.S.A. 2017 Supp. 59-2401(b); see *In re Estate of Mahoney*, No. 110,894, 2015 WL 2342357, at *6 (Kan. App. 2015) (unpublished opinion) (finding that order resolving ownership of personal property between estate and heir was a final decision, even though estate had not been closed).

Before we can reach the merits of Ely's appeal, we must first address Sitton's argument that Ely is procedurally barred from raising her due process claim on appeal. Sitton argues that this court cannot reach the merits of Ely's claim because she has failed to provide an adequate record on appeal and because her due process claim is unpreserved. We agree with Sitton on both counts.

First, we note that Ely is raising her due process claim for the first time on appeal. Generally, issues not raised before the district court cannot be raised on appeal, including constitutional issues. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). Although there are exceptions to the general rule, Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) requires an appellant to explain why an issue not raised below should be considered for the first time on appeal. Ely has not followed this

4

rule, and our Supreme Court has stated that the rule should be strictly enforced. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015). Finally, the law requires us to hold Ely to the same standards as attorneys as far as complying with court rules. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007).

More importantly, the burden is on Ely, as the appealing party, to designate facts in the record to support her claim; without such a record, her claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). As part of that burden, it is Ely's duty to provide us with hearing transcripts to support her claims. Supreme Court Rule 3.03(a) (2018 Kan. S. Ct. R. 22). Ely may not circumvent her duty to provide transcripts by including documents in the appendix of her brief. *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014).

Ely correctly points out that procedural due process requires notice and an opportunity to be heard. But to determine whether Ely was denied the opportunity to be heard, we need transcripts of the hearing where she claims she was prevented from presenting her case. Because Ely neglected to provide us with any trial transcripts, she has failed to designate an appellate record that supports her procedural due process claim.

All through her brief, Ely maintains that the magistrate judge denied her the opportunity to present her case. She claims that the magistrate judge forbade her from presenting evidence at the September 17, 2015 hearing when the judge appointed Sitton as the administrator of Herrman's estate. Ely has failed to provide a transcript of that hearing to support her claim, and according to the magistrate judge's order filed with the court, Ely did not even attend that hearing.

Ely also claims that the magistrate judge prohibited her from presenting evidence at the August 23, 2016 hearing. She claims the lack of her exhibits in the record shows that she was not given an opportunity to be heard. But without transcripts, we cannot

5

confirm these claims, and the lack of exhibits is meaningless without a transcript to verify that Ely was improperly prohibited from introducing evidence.

Finally, Ely complains that the magistrate judge's September 26, 2016 order did not address her petition seeking payment for services and funds she provided to Herrman before and after his death. But the order makes clear that the judge was willing to consider this claim at a future hearing. Sitton's claim about the savings bonds and Ely's claim for reimbursement of services present separate issues, and the magistrate judge did not have to take up these issues at the same time. The judge set a hearing on Ely's claim for reimbursement of services for January 25, 2018. The record, however, reflects that Ely filed a petition to transfer the case to a district judge on January 10, 2018, so this action is likely why no hearing took place on January 25, 2018.

In the end, the lack of transcripts prohibits our review of Ely's procedural due process claim. Without a record to the contrary, we must presume that the magistrate judge conducted the hearings in line with the law. See *Friedman*, 296 Kan. at 644-45. Because of Ely's failure to abide by court rules, we do not reach the merits of her due process claim, and we uphold the magistrate judge's order.

Affirmed.