NOT DESIGNATED FOR PUBLICATION

No. 119,453

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTWAN A. CARTER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed August 9, 2019. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: The district court summarily denied Antwan Ashe Carter's K.S.A. 60-1507 motion. Carter appeals.

FACTS

In September 2008, a jury convicted Carter of attempted first-degree murder and two counts of attempted second-degree murder. The charges stemmed from an incident that occurred on June 15, 2006, during which Carter shot at three law enforcement officers, striking Montgomery County Sheriff's Deputy Dathan Reed in the foot and

1

making several bullet holes in his pant leg and holster. The district court sentenced him to 368 months in the custody of the Kansas Department of Corrections with 36 months of postrelease supervision.

In his direct appeal, Carter addressed five issues: (1) The district court erred in denying his motion to suppress statements to law enforcement; (2) the sufficiency of the evidence to prove premeditation; (3) the sufficiency of the evidence to prove an intent to kill; (4) the court's order to pay BIDS attorney fees; and (5) the court erred in sentencing him. The court affirmed Carter's convictions and the district court's denial of the motion to suppress his statements. It dismissed the appeal of his sentence and vacated the order to pay BIDS attorney fees and remanded for a hearing in compliance with K.S.A. 22-4513. *State v. Carter*, No. 101,895, 2010 WL 5490726, at *8 (Kan. App. 2010) (unpublished opinion) (*Carter I*).

On November 2, 2011, Carter filed his first motion under K.S.A. 60-1507, raising four arguments of ineffective assistance of counsel and/or appellate counsel for: "(1) failing to object to the legislature's various forms of homicide and the judicial definition of premeditation as a violation of the separation of powers doctrine, (2) failing to brief the issue of Kansas law on premeditation as denying his equal protection and due process rights, (3) failing to object to the prosecutor's closing argument, and (4) failing to object to the admission of certain evidence." *Carter v. State*, No. 109,823, 2014 WL 2871337, at *3 (Kan. App. 2014) (unpublished opinion) (*Carter II*). He later filed additional claims regarding counsel's failure to object to the reasonable doubt jury instruction. The district court held an evidentiary hearing on the motion and, ultimately, denied Carter's motion.

Carter appealed the district court's denial of his motion. The issues considered on appeal were: (1) jury instruction on reasonableness; (2) the definition of premeditation; (3) prosecutorial misconduct; and (4) admission of evidence. Within these arguments, Carter claimed ineffective assistance of appellate counsel for failing to raise the issue of

2

prosecutorial misconduct, challenge the admission of certain evidence, and contest the chain of custody issue with the admitted evidence. He also argued ineffective assistance of trial counsel for failing to challenge the burden of proof instruction. 2014 WL 2871337, at *8-11.

In the *Carter II* court's analysis of the claim of ineffective assistance of appellate counsel for failing to challenge the admission of Officer Reed's boots, pants, and holster, which he wore on the day of the shooting, it affirmed the district court's determination that the probative value of the evidence greatly outweighed the prejudicial effect. 2014 WL 2871337, at *9. Regarding Carter's claim of ineffective assistance of counsel for failure to raise the issue of chain of custody of the evidence, the court determined the test for chain of custody was whether reasonable certainty existed that the evidence was materially altered. Any deficiencies in the chain of custody go to the weight of the evidence, not the admissibility. Because Carter did not allege the evidence had been altered or that it differed from the photographs taken of Officer Reed on the night of the shooting, the district court did not err in admitting the evidence. 2014 WL 2871337, at *10-11.

Carter filed his second 60-1507 motion in 2016, and the appeal on that case was pending when he filed his current 60-1507 motion in 2017. The record does not reflect the content of the 2016 K.S.A. 60-1507 motion. Carter moved to voluntarily dismiss the appeal prior to filing the current motion.

In the current motion, filed February 6, 2017, Carter asserted three issues: (1) judicial abuse of discretion or in the alternative judicial misconduct for denying his motion to suppress Deputy Reed's boots, pants, and holster because he had not been able to have them tested; (2) prosecutorial misconduct for failing to provide him the evidence for forensic and ballistic testing before trial; and (3) ineffective assistance of trial and

appellate counsel for failing to object to the admission of the evidence and failing to raise the issue on appeal.

The district court summarily dismissed Carter's 60-1507 motion:

"(1) The pleadings fail to state a claim under 60-1507. (2) The petition was not filed within the time frames prescribed by K.S.A. 60-1507(f)(1) and no manifest injustice was alleged. Finally, the petitioner has a direct appeal pending on a previous denial of a 60-1507 motion in Case Number 2016 CV 88."

Carter moved for reconsideration, claiming the district court violated Rule 183(j), see Kansas Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228), which requires the court to make findings of fact and conclusions of law on all issues presented. He asserted: "Manifest injustice would be prevented if the Court ruled on the merits presented in the Habeas Corpus. To establish exceptional circumstances, a Movant must show unusual events." Carter also noted that he had moved to dismiss the 2016 K.S.A. 60-1507 motion prior to filing the current one.

The district court found that Carter's motion filed on February 6, 2017, "does not address the fact the motion was filed outside the time frames prescribed by 60-1507(f)(1), nor does the original petition allege manifest injustice. The motion to reconsider does nothing to address these fatal defects of the original petition filed February 6, 2017." The court agreed to dismiss the previous 60-1507 motion upon Carter submitting a journal entry for the court's approval.

Carter appeals the summary denial of his K.S.A. 60-1507 motion.

4

ANALYSIS

Carter challenges the district court's summary denial of his K.S.A. 60-1507 motion by asserting the 2016 amendment to K.S.A. 60-1507(f) violated his rights under the Due Process Clause of the United States Constitution. He asserts that by adding subsection (f)(2)(A), the Kansas Legislature violated the due process procedural right to be heard at a meaningful time and in a meaningful manner. See U.S. Const. amend. XIV, § 1; *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1275, 136 P.3d 457 (2006). K.S.A. 2016 Supp. 60-1507(f)(2)(A) states:

> "For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence."

Prior to the 2016 amendment, K.S.A. 2015 Supp. 60-1507(f)(2) permitted an extension to the one-year time limitation to prevent manifest injustice. In *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014), the Kansas Supreme Court outlined factors for courts to consider in determining whether an untimely 60-1507 motion was time barred or if the potential of manifest injustice existed to permit the court to reach the merits of the motion. The court stated:

> "[C]ourts conducting a manifest injustice inquiry under K.S.A. 60-1507(f)(2) should consider a number of factors as a part of the totality of the circumstances analysis. This nonexhaustive list includes whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issue of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." 299 Kan. at 616.

5

The 2016 amendment to K.S.A. 60-1507 removed the court's consideration of the totality of the circumstances and the second *Vontress* factor.

Carter asserts the Legislature's elimination of the second *Vontress* factor eliminated the possibility of relief in violation of his due process right under the Fourteenth Amendment to the United States Constitution. He asks us to remand his case to the district court for consideration of the second *Vontress* factor.

Carter also reasserts his argument that trial counsel provided ineffective assistance by not objecting to the admission of Deputy Reed's boots, pants, and holster at trial and appellate counsel was ineffective for not challenging the admission of the evidence in his direct appeal.

To be entitled to relief under K.S.A. 2018 Supp. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2018 Supp. 60-1507(b); Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is "'required to hold a hearing unless the motion is a "second" or "successive" motion seeking similar relief.'" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holt v. State*,

290 Kan. 491, 495, 232 P.3d 848 [2010]; see *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 [2015]).

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 2018 Supp. 60-1507(a). K.S.A. 2018 Supp. 60-1507(f)(1). The one-year time limitation may be extended by the district court only to prevent manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). A defendant who files a 60-1507 motion outside the 1-year time limitation and fails to affirmatively assert manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

The district court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. 296 Kan. at 904 (citing K.S.A. 60-1507([c]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." 296 Kan. 898, Syl. ¶ 2; see Supreme Court Rule 183(d) (2019 Kan. S. Ct. R. 228).

Generally, an issue cannot be raised for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). There are several exceptions to the general rule, including the following: (1) The newly asserted theory involves only a question of law arising from proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Kansas Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34) requires an appellant to explain why an issue was not raised below and should be considered for the first time on appeal.

Carter claims we should review the issue of whether the 2016 amendment to K.S.A. 60-1507 violated his due process rights to serve the ends of justice and prevent the denial of his fundamental rights. He asserts that while the Supreme Court in *White v. State*, 308 Kan. 491, 502, 421 P.3d 718 (2018), only addressed the question of whether the legislative change applied retroactively, it stated that pre-July 1, 2016 movants had a vested right to argue application of the *Vontress* test, including the second factor and any others which may establish manifest injustice in the totality of the circumstances.

However, the *Vontress* test only applies to the analysis to overcome a bar to review due to untimeliness. Even if he had a vested right to the *Vontress* analysis, that right does not provide for review of successive motions. Review of his motion would have been barred for its successive nature, if not for its untimeliness, because it is his third 60-1507 motion. Carter failed to sufficiently argue that his motion is not successive under Kansas Supreme Court Rule 183(d), and so that issue is deemed waived or abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). Because even the claimed vested right would not have permitted the district court to have reached the merits of the motion, this court should not review the issue raised for the first time on appeal.

Even if we consider the motion on appeal, we find the district court properly did not consider the merits of the motion because it was successive, Carter failed to adequately brief manifest injustice; and he is not a pre-July 1, 2016 movant, so he has no vested right in the *Vontress* analysis.

Because the K.S.A. 60-1507 motion filed February 6, 2017, was Carter's third such motion, the district court was not required to entertain the motion if it sought similar relief as one of his previous 60-1507 motions. See *Trotter*, 296 Kan. at 904. The record does not contain the 60-1507 motion Carter filed in 2016, so it is unclear what relief he sought. However, in his original 60-1507 motion, filed in 2011, Carter claimed

8

ineffective assistance of appellate counsel for failing to (1) challenge the admission of Deputy Reed's boots, pants, and holster due to their prejudicial effect and (2) raise the issue of the chain of custody of that evidence. The *Carter II* court found the probative value of the evidence greatly outweighed the prejudicial effect and because Carter did not argue the evidence had been altered, the chain of custody issue only went to the weight of the evidence, not the admissibility. 2014 WL 2871337, at *9-10.

Though Carter now contends the evidence had been materially altered, he provides no showing as to why he did not assert the altered nature of the evidence in his 2011 K.S.A. 60-1507 motion. It appears to have only been argued now as a response to the *Carter II* court explicitly stating he failed to make such an assertion in 2011. However, a 60-1507 movant is presumed to have listed all grounds for relief and subsequent motions need not be considered absent a showing of circumstances justifying failure to list such ground in the first motion. Though Carter has added to his argument against the admission of the evidence, he has not provided any circumstances justifying the omission of such arguments previously. Because this is a successive 60-1507 motion, seeking relief on the same issue which was previously heard and determined against Carter, the district court properly summarily denied the 60-1507 motion without reaching the merits.

Carter does not claim his 60-1507 motion was timely filed. In filing his motion outside the one-year time limitation, Carter was required to affirmatively assert manifest injustice. See *Trotter*, 296 Kan. at 905. In his motion, he asked the court to hear the motion despite the time bar and outlined the *Vontress* factors and the 2016 amendment to K.S.A. 60-1507(f) before arguing:

> "The relevant point here is that under either the common-law ***Vontress*** test or the recently amended version of K.S.A. 60-1507, a movant may obtain a reprieve from the time bar in certain meritorious situations. And the same remains true of the general

9

prohibition on successive motions. Those mechanisms afford yet another, albeit limited, layer of procedural due process protection against a continually deficient conviction."

While his assertions are accurate, he merely cited law and provided no analysis as to how that law applied to his case. Issues not adequately briefed are deemed waived or abandoned. *Arnett*, 307 Kan. at 650.

On appeal, Carter disagrees with the district court's finding that he did not allege manifest injustice, arguing that his articulated issues should amount to manifest injustice. He then argues the 2016 amendment to K.S.A. 60-1507 violated his rights and had the district court applied *Vontress*, it would have determined manifest injustice warranted a hearing. However, even under *Vontress*, the defendant must have affirmatively asserted manifest injustice for consideration. His mere claim that his arguments amount to manifest injustice is insufficient as he, again, provides no analysis relating the law to the facts. A point raised incidentally in a brief and not argued therein is also deemed abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 398 (2017).

Even if we were to review the due process issue despite Carter's failure to argue manifest injustice and the successive nature of his motion, the vested right discussed in *White* is inapplicable to him. In discussing the 2016 amendments, the Supreme Court noted:

> "The Legislature did not adopt the second *Vontress* factor of whether there existed a 'substantial issue of law or fact,' nor did it incorporate *Vontress*' allowance for other, nonlisted factors. See *Hayes v. State*, 307 Kan. 9, 14, 404 P.3d 676 (2017). In *Hayes*, we noted: 'Even a cursory review of the legislative history reveals to us that the Legislature intended to abrogate our decision in *Vontress*.' 307 Kan. at 14." *White*, 308 Kan. at 496-97.

10

In holding that the 2016 amendments to K.S.A. 60-1507 do not apply to motions filed before July 1, 2016, the Supreme Court determined "pre-July 1, 2016[] movants had a vested right to argue the *Vontress* test, including the second factor and any other factor that might establish manifest injustice." 308 Kan. at 502.

Although Carter filed at least one K.S.A. 60-1507 motion before July 1, 2016, possibly two, he is not a "pre-July 1, 2016 movant" under *White*. Denial of his first 60-1507 motion was affirmed by the *Carter II* court on June 20, 2014, and the Supreme Court denied review on July 21, 2015. The date he filed his second 60-1507 is unknown. Carter does not assert that he filed it before July 1, 2016, or that his current motion was an amended motion under the same case number. Carter filed his current motion on February 6, 2017, seven months after the filing deadline to claim a vested right to argue the *Vontress* factors. Therefore, Carter does not have a vested right to have his motion reviewed for manifest injustice using the *Vontress* factors and so the district court did not violate his due process rights by reviewing his motion for timeliness. See K.S.A. 2018 Supp. 60-1507(f)(2)(A). We affirm the district court's summary denial of Carter's 60-1507 motion.

Affirmed.

11